IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHABONDY LAMAR SIMPSON,

    Plaintiff,                     No. 2:12-cv-2135 JAM KJN P

    vs.

N. JUSTIN,

    Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on plaintiff's retaliation claims against defendant Justin. (ECF No. 14.) Plaintiff claims that defendant Justin retaliated against plaintiff for filing an inmate appeal in violation of the First Amendment.

    Pending before the court is defendant's motion to dismiss these claims based on plaintiff's alleged failure to first exhaust administrative remedies. After carefully reviewing the record, the court finds that defendant's motion to dismiss should be granted.

II. Alleged Failure to Exhaust

    Defendant claims that plaintiff failed to exhaust his administrative remedies as to the retaliation claim against defendant Justin. In opposition, plaintiff contends it was defendant

1

Justin's actions that made a remedy unavailable for purposes of exhaustion. (ECF No. 18 at 2.) Plaintiff argues that defendant Justin was named as a defendant because he interfered with the exhausted appeal No. SOL-11-00143 by retaliating against plaintiff by writing a rules violation report on plaintiff. In reply, defendant contends this claim is unexhausted because plaintiff relies on an unrelated appeal stemming from an incident on October 21, 2010, concerning family visitation, Appeal Log No. SOL-11-00143, during which plaintiff attempted to add his claim against defendant Justin during the second level of review. Because adding a new claim during the appeal process is not permitted, defendant argues that plaintiff's claim should be dismissed as unexhausted.

      A.  <u>Legal Standard re Exhaustion</u>

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. <u>Porter</u>, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." <u>Id.</u> at 524; <u>Booth v. Churner</u>, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. <u>Booth</u>, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." <u>Id.</u> at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may

result from the grievance.  See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).  The Supreme Court has cautioned courts against reading futility or other exceptions into the PLRA exhaustion requirement.  See Booth, 532 U.S. at 741 n.6.

A prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available.  Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process.  Id., at 936-37.

As noted above, the PLRA requires proper exhaustion of administrative remedies.  Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Id. at 90-91.  Thus, compliance with grievance procedures is required by the PLRA to properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.  When the rules of the prison or jail do not dictate the requisite level of detail for proper review, a prisoner's complaint "suffices if it alerts the prison to the nature of the wrong for which redress is sought."  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  This requirement is so because the primary purpose of a prison's administrative review system is to "notify the prison of a problem and to facilitate its resolution."  Griffin, 557 F.3d at 1120.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).

Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, the court may look beyond the pleadings to determine whether a plaintiff exhausted his administrative remedies.  Id. at 1119-20.

Contemporaneous with the filing of defendants' motion, plaintiff was provided notice of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  (ECF No. 15-1 at 1-2.)

B.  Plaintiff's Administrative Appeals

Plaintiff provided the following copies of his administrative appeals with his complaint.

On November 1, 2010, plaintiff filed an initial appeal, Log No. SOL-11-00143, claiming that he was denied his constitutional rights to due process during an October 21, 2010 Institutional Classification Committee ("ICC") meeting.  (ECF No. 2 at 25.)  Plaintiff sought immediate reversal of the overnight family visiting restriction.  The informal and formal levels of review were bypassed.

Defendant Justin interviewed plaintiff on February 7, 2011, in connection with this appeal.  During the interview, plaintiff stated he believed that officers Long and Baker manufactured the Penal Code § 273.5 charge to deny plaintiff overnight family visiting, and asked defendant Justin to look into it.  (ECF No. 2 at 22.)  Defendant Justin noted that plaintiff was convicted of kidnaping (Cal. Penal Code § 207(A)), making terrorist threats (Cal. Penal Code § 422), and stalking (Cal. Penal Code § 646.9(A)).  (ECF No. 2 at 22.)  The ICC determined that the elements of Penal Code § 273.5 existed.  (ECF No. 2 at 22.)  Defendant Justin interviewed officers Baker and Long, who both denied making any statements to plaintiff regarding retaliation.[1]  (ECF No. 2 at 22.)  Long informed Justin that after reviewing plaintiff's

---

[1] On February 7, 2011, defendant Justin issued a rules violation report ("RVR") against plaintiff, citing him for writing false allegations against staff, in violation of CCR § 3021, based on plaintiff's claims during the February 7, 2011 appeal interview that officers Baker and Long stated that their reason for denying plaintiff family visiting was motivated in retaliation for filing a civil suit against Correctional Officer Feltsen and others.  (ECF No. 2 at 28.)

4

case factors, it was determined that plaintiff did not meet the criteria for overnight family visiting. (Id.) The associate warden noted that plaintiff's case was reviewed by the Solano III General Population Institutional Classification Committee ("GP-ICC") on October 22, 2010, which concluded that plaintiff's case factors and disciplinary history indicated that plaintiff posed an "unreasonable risk to the safety & security of the institution." (ECF No. 2 at 23.) Specifics concerning plaintiff's history were set forth in the February 11, 2011 appeal response. (ECF No. 2 at 23-24.) On February 22, 2011, plaintiff's appeal was denied by the associate warden. (ECF No. 2 at 22-24.)

On March 23, 2011, plaintiff noted his dissatisfaction with the appeal response, and claimed that as a result of filing this appeal, "CSP-Solano Staff have retaliated against [him] for filing this appeal when N. Justin (CCII) issued me a CDC-115 Log# S2-11-02-0073," which plaintiff claimed violated his First Amendment rights. (ECF No. 2 at 26.)

Plaintiff's appeal was partially granted at the second level of review on May 12, 2011. (ECF No. 2 at 21.) The appeal issue was characterized as a challenge to the restriction on plaintiff's previously approved family visiting. Plaintiff also alleged that classification staff told him he was being denied family visits as retaliation because he filed a complaint against staff. (ECF No. 2 at 21.) Plaintiff's requests to immediately reverse the decision to deny family visits and to have his family visiting application processed were denied. The reviewer agreed that plaintiff was appropriately denied family visits because his conviction offenses disqualified him from the family visiting program, and that plaintiff should not have been approved for family visits at his previous institution. (ECF No. 2 at 21.) Plaintiff's request for no reprisal for filing the appeal was granted. (Id.)

With regard to plaintiff's contention that he had been issued an RVR by the first level reviewer as a direct result of this appeal, the second level reviewer found plaintiff's contention had no merit. Plaintiff was reminded that he must comply with all Departmental regulations, as cited in CCR § 3001. (ECF No. 2 at 21.) The second level reviewer stated that plaintiff

> was issued a RVR because he allegedly used inappropriate statements in the appeal verbiage and during the appeal interview. Pursuant to CCR § 3084.4(b) [plaintiff] is barred from making inappropriate statements containing false information in his appeal. The [second level reviewer] will not specifically address this matter. [Plaintiff] will be afforded the opportunity to appeal the RVR finding, if ultimately found guilty of the RVR charge.

(ECF No. 2 at 21.)

On June 1, 2011, plaintiff noted his dissatisfaction, and stated he believed there was a conspiracy to violate plaintiff's due process and equal protection rights without fear of reprisal, citing punitive segregation, "bogus write-up[s] - CDC-115," loss of privileges, adverse transfer, and denial of overnight family visits. (ECF No. 2 at 26.)

On August 22, 2011, in the third level appeal decision in Appeal Log No. SOL-11-00143, The appeals examiner found that plaintiff was appropriately prohibited from receiving family visits. (ECF No. 2 at 18.) The examiner also noted that plaintiff "added new issues and requests to his appeal," which were not addressed because "it is not appropriate to expand the appeal beyond the initial problem and the initially requested action." (ECF No. 2 at 19.)

C. <u>Analysis re Exhaustion</u>

Appeal Log No. SOL-11-00143 was filed by plaintiff on November 1, 2010. In the appeal, plaintiff contended that he was denied his constitutional rights to due process during the October 21, 2010 ICC meeting during which he was denied overnight family visits. Plaintiff made no mention of any alleged retaliation by officers Baker and Long in this appeal. Thus, because defendant Justin's RVR was issued on February 7, 2011, and plaintiff alleges defendant Justin issued the RVR in retaliation for plaintiff refusing to withdraw Appeal Log No. SOL-11-00143 (ECF No. 18 at 4), the Appeal Log No. SOL-11-00143 cannot serve to exhaust plaintiff's retaliation claim against defendant Justin. Plaintiff was required to file an appeal of the RVR, or

////

////

////

to file an appeal claiming that defendant Justin issued the RVR in retaliation. Defendants provided evidence that plaintiff did neither. (ECF No. 15-3 at 4.)[2]

Rather, on March 23, 2011, at the second level review of Appeal Log No. SOL-11-00143, plaintiff attempted to add a retaliation claim to the appeals process, by including the following sentence: "CSP-Solano Staff have retaliated against [plaintiff] for filing this appeal when N. Justin (CCII) issued me a CDC-115 Log# S2-11-02-0073," which plaintiff claimed violated his First Amendment rights. (ECF No. 2 at 26.) However, plaintiff's attempt to further expand the scope of the initial appeal during the review process does not comply with prison grievance procedures. "[A]n inmate must first present a complaint at the first level of the administrative process." Sapp v. Kimbrell, 623 F.3d 813, 825 (9th Cir. 2010); Coleman v. CDCR, 2012 WL 2339114, *3 (E.D. Cal. 2012) ("it appears that Plaintiff was attempting to add additional issues onto his ADA grievance to the second level of review, which is not in compliance with CDCR's grievance process.") Appeals may be rejected where the inmate has "submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review, e.g., submitting an appeal at the third level prior to lower level review." Cal. Code Regs, tit. 15 § 3084.6(b)(15).[3] Thus, plaintiff's attempt to add his challenge to the RVR at the second level review for Appeal Log No. SOL-11-00143 was improper and does not exhaust his retaliation claim against defendant Justin.

Moreover, in the second level appeal response, plaintiff was reminded that he must comply with all departmental regulations, as cited in the California Code of Regulations title 15

---

[2] The only appeal processed for a prison disciplinary was plaintiff's December 2, 2012 Appeal Log No. SOL-12-02868 challenging the September 22, 2012 lock-up order for allegedly participating in a riot. (ECF No. 15-7.) Another prison disciplinary appeal, HDSP-08-02983, was screened out on February 3, 2009. (ECF No. 15-3 at 4.)

[3] Even if the court applied the regulations in effect at the time of plaintiff's initial appeal, plaintiff was not permitted to add claims during the appeal process. Prisoners must describe the problem and action requested in Sections A and B of the form. Cal. Code Regs., tit. 15 § 3084.2(a) (2010).

§ 3001, and that he could appeal the RVR finding, if plaintiff was found guilty of the RVR charge. (ECF No. 2 at 21.) Defendants adduced evidence that plaintiff did not appeal the RVR finding. (ECF No. 15-4 at 2.) Plaintiff did not rebut this evidence. Despite being told that he could appeal the RVR charge, plaintiff did not avail himself of his right to appeal the RVR. Thus, administrative remedies were available to plaintiff, yet he failed to exhaust his administrative remedies as to his retaliation claim against defendant Justin.

The additional complaints raised by plaintiff were disregarded at the Director's Level, and plaintiff was informed that it was not appropriate to expand the appeal beyond the initial problem and the initially requested action. (ECF No. 2 at 19.) The fact that the added claims were not addressed further does not render them exhausted. See Henderson v. Rodriguez, 2009 WL 817750 at *3-4 (E.D. Cal. 2009).

Plaintiff argues that the RVR specifically named Officers Baker and Long, and that the exhausted appeal was directed toward their conduct and thus forms the basis of plaintiff's retaliation claim against defendant. (ECF No. 18 at 5.) However, plaintiff is mistaken. Appeal Log No. SOL-11-00143 clearly raised a due process challenge to the ICC's hearing on October 21, 2010. Here, plaintiff claims defendant Justin issued the RVR in retaliation for plaintiff refusing to withdraw Appeal Log No. SOL-11-00143. (ECF No. 18 at 4.) Thus, plaintiff's retaliation claim is not related to the due process claim raised in the initial appeal, but rather arose on February 7, 2011, when defendant Justin interviewed plaintiff at the second level of the appeal. Therefore, the conduct of Officers Baker and Long at the ICC hearing had no bearing on plaintiff's retaliation claim. Rather, plaintiff's retaliation claim was a new claim that must be presented in a separate administrative appeal. Cal. Code Regs., tit. 15 § 3084.2(a)(1). In addition, California Code of Regulations, title 15 § 3084.9(g)(1), states that "a disciplinary action cannot be appealed until the hearing process is completed, including any re-hearing." Id. Therefore, plaintiff could not appeal the February 7, 2011 RVR until after the hearing on the RVR, which took place long after the October 21, 2010 ICC hearing.

Finally, plaintiff argues that because defendant Justin filed the RVR in the midst of the appeal process, defendant is estopped from arguing plaintiff failed to exhaust his administrative remedies. (ECF No. 18 at 2.) Plaintiff relies on Hemphill v. New York, 380 F.3d 650, 688-89 (2d. Cir. 2004), for the proposition that "allegations of verbal or physical threats and fear of further assault could support a finding of equitable estoppel." Id.

However, Hemphill is inapposite. In Hemphill, the plaintiff alleged that the guard's threats prevented or deterred him from filing a grievance. Here, plaintiff pursued Appeal Log No. SOL-11-00143 through the third level of review after defendant Justin issued the RVR. Thus, defendant Justin did not interfere with plaintiff's ability to exhaust his claim as to Appeal Log No. SOL-11-00143. Plaintiff alleges no facts demonstrating that the filing of the RVR impeded plaintiff's ability to file an appeal, or that defendant Justin threatened plaintiff to not file an appeal of the RVR. Instead, the record reflects that plaintiff chose to attempt to add this claim to Appeal Log No. SOL-11-00143. Therefore, plaintiff's estoppel claim is unavailing.

III.  Conclusion

For all of the above reasons, IT IS HEREBY ORDERED that:

1. Defendant Justin's March 5, 2013 motion to dismiss be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

////

1 | parties are advised that failure to file objections within the specified time may waive the right to
2 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED:  June 14, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

simp2135.mtd